# NO. 12-21-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID ROSS RAMIRES,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

David Ross Ramires, Relator, requests a writ of mandamus directing the trial court to issue a writ of habeas corpus in Cause Number 2021040089.[1]  We deny Relator's petition.

## BACKGROUND

Relator was charged by indictment with felony possession of a controlled substance and driving while intoxicated (DWI) with a child passenger.  Pursuant to a plea bargain agreement with the State, he pleaded "guilty," and the trial court assessed his punishment at imprisonment for ten years, suspended for a term of six years, in the possession case, and confinement in a state jail facility for two years, suspended for a term of five years, in the DWI case.  Subsequently, the State filed a motion to revoke Relator's community supervision.  On April 8, 2021, Relator's new counsel filed an application for writ of habeas corpus under code of criminal procedure Article 11.072 in the trial court, asserting that Relator's guilty plea was involuntary and that he was denied discovery.  On April 18, Relator filed this original proceeding.

## ISSUANCE OF WRIT

In Relator's sole issue, he contends that Respondent erred by failing to issue the writ after Relator filed his application.  Article 11.072 "establishes the procedures for an application for a

---

[1] The Respondent is the Honorable Chris R. Day, Judge of the 2nd Judicial District Court in Cherokee County, Texas.  The Real Party in Interest is the State of Texas.

writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1 (West 2005). An application filed under Article 11.072 "must be filed with the clerk of the court in which community supervision was imposed." *Id.* § 2(a) (West 2005). A writ of habeas corpus "issues by operation of law" when the application is filed. *Id.* § 4(a) (West 2005).

When Relator filed his application for writ of habeas corpus in the trial court in which community supervision was imposed, the writ issued by operation of law. *See id.* §§ 2(a), 4(a). No action was required of the trial court to cause the writ to issue. *See* BLACK'S LAW DICTIONARY (10th ed. 2014) ("operation of law" is "the means by which a right or a liability is created for a party regardless of the party's actual intent <because the court didn't rule on the motion for rehearing within 30 days, it was overruled by operation of law>"). Because the writ issued by operation of law, Relator's request to direct Respondent to issue the writ is moot, and he is not entitled to mandamus relief. *See **In re Bonilla***, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (there is nothing to mandamus when relief sought is moot).

### DISPOSITION

Having determined that Relator failed to establish his entitlement to mandamus relief, we *deny* the petition for writ of mandamus.

GREG NEELEY
Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-21-00058-CR**

**DAVID ROSS RAMIRES,**
Relator
V.

**HON. CHRIS R. DAY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by David Ross Ramires; who is the relator in appellate cause number 12-21-00058-CR and the defendant in trial court cause number 2021040089, pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on April 19, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3